UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-02882

ELIZABETH MALONE, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

TOTAL INSURANCE BROKERS LLC,
a Florida Limited Liability Company,
TogetherHealth Insurance, LLC,
a Foreign Limited Liability Company
BENEFYTT TECHNOLOGIES, INC,
a Foreign Profit Corporation

    Defendants,
_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT

Plaintiff Elizabeth Malone("Plaintiff" or "Malone") on her own behalf and all others similarly situated, files this Collective Action Complaint against Defendants, Total Insurance Brokers, Inc. ("TIB" or "Defendant") a Florida Limited Liability Company and TogetherHealth Insurance, LLC. ("TH" or "Defendant") a Foreign Limited Liability Company and Benefytt Technologies, Inc. *(formerly known as Health Insurance Innovations Inc.)* ("BT" or "Defendant"), a Foreign Profit corporation(collectively, "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") on

behalf of Plaintiff and all current and former Medicare Sales Nesting positions(hereinafter, "MNS") (and other employees holding comparable positions, but different titles) who worked at any of Defendants locations throughout the United States, as follows:

Plaintiff seeks to conditionally certify the following class of current and former employees who worked for Defendants as follows:

> **All current and former salaried paid Medicare Sales Nesting positions(and other employees holding comparable positions, but different titles) who worked for Defendants nationwide anytime in the past three (3) years who worked forty (40) or more hours in one or more workweeks, who were misclassified as exempt under the FLSA by Defendants and were not paid proper overtime compensation.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. §216(b).

2. Defendants are subject to personal jurisdiction in the Middle District of Florida.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendants in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

4. Defendants are covered employers within the meaning of the FLSA.

## THE PARTIES

5. At all times material hereto, Plaintiff resided in or around Lake Mary, Florida.

6. During all relevant times, Plaintiff was employed by Defendants as a MNS from April 2021 through April 2022, at Defendants' office located in Lake Mary, Florida[1].

7. Plaintiff's written consent to join this action is attached hereto as Exhibit A.

8. Defendant, TIB is a Florida Limited Liability Company with its principal place of business located at 3450 Buschwood Park Dr Suite 200, Tampa, Fl 33607.

9. Defendant, TIB is a sister company to Defendant Together Health, which provides health insurance agency services, which are all part of Defendant Benfytt Technologies, Inc's family of companies.

10. Defendant, TH is a Foreign Limited Liability Company with its principal place of business located at 3450 Buschwood Park Dr Suite 200, Tampa, Fl 33607.

---

[1] Plaintiff was hired by Defendants on or around August 24, 2020, as a Sales Representative in Arlington, TX.  Plaintiff was offered and accepted the Medicare Nesting position to initially start in Arlington, TX, but was required to relocate to Lake Mary, Florida within thirty (30) days of Plaintiff's promotion.

11. Defendant, TH, holds itself out to the public as follows via their website: "TogetherHealth, LLC, is an insurance agency & commercial site designed for the solicitation of insurance from selected health insurance carriers. Insurance agency services may be provided by one of our sister companies, including Health Plan Intermediaries Holdings, LLC, Total Insurance Brokers, LLC, or HealthPocket d/b/a Agile Health Insurance Agency, which are all part of the Benefytt Technologies, Inc. family of companies."

12. Defendant BT is a Foreign Profit Corporation with its principal place of business located at 3450 Buschwood Park Dr Suite 200, Tampa, Fl 33607.

13. Defendant, BT, holds itself out to the public as follows via their website: "Benefytt Technologies, Inc. is a health insurance technology company that primarily engages in the development and operation of private e-commerce health insurance marketplaces, consumer engagement platforms, agency technology systems, and insurance policy administration platforms."

14. Defendants, upon information and belief, employed upwards of 1,500 or more employees.

15. Within the relevant time period, Defendants are registered Florida companies respectively, doing business in Tampa Florida, as well as throughout the State of Florida and the United States, where Plaintiff worked for Defendants.

16. Defendants operate in interstate commerce, by providing managed care to customers across the country, including Florida.

17. Defendants are entities in related activities through a unified operation in the State of Florida and the United States.

18. At all times relevant hereto, Defendants have maintained common offices, employees and Registered Agents and conducted business deals throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

19. Defendants' gross annual revenue for each year in which the named Plaintiff, and the putative class members worked, either individually, or jointly, exceeded $500,000.00.

20. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d).

21. Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in business transactions across state lines and with products and goods created outside Florida, and imported in for local use.

22. Defendants are joint employers over Plaintiffs and the putative class members, in that Defendants: (a) jointly determined, shared, and allocated the power to direct, control, or supervise Plaintiff, and the putative class, by direct or indirect means; (b) jointly determined, shared, and allocated the power to—directly or indirectly—hire or fire Plaintiff and the putative class, or modify the terms or conditions of Plaintiff and the putative class' employment; (c) shared management or a direct or indirect ownership interest, and interchangeably controlled, or were controlled by, each other; and (d) jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete the work.

23. Defendants are "joint- employers" under the FLSA by virtue of their rigorous control and unified operations. Defendants share employees or interchange employees and work in the direct interest of one another. Further, work performed by Plaintiff and the putative class, benefit each Defendant.

## COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all current and former CDs, and other similarly situated current and former employees holding comparable positions but

different titles, who are or were employed by Defendants at its locations nationwide at any time from December 2019 to the entry of judgment in this case.

25. Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the Putative FLSA Collective members.

26. There are numerous similarly situated current and former MSN's (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective members pursuant to 29 U.S.C. § 216(b).

27. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the call center employee described is "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendants' practices, policy, or plan of not paying their call center employees for compensable work performed in excess of forty (40) hours per workweek at an overtime premium pay and Defendants' practices, policy, or plan of failing to include their non-discretionary incentive pay in calculating their regular rate of pay

used to pay overtime compensation); (c) their claims are based upon the same legal theories; and (d) the employment relationship between Defendants and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

28. Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members who would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective class members should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

29. Plaintiff and the Putative FLSA Collective members, all of whom regularly worked more than 40 hours in a workweek, were employed as MSN's(or similar by Defendants.

30. Further, Plaintiff, and those similarly situated, worked more than forty (40) hours per workweek without receiving the proper overtime pay for all their overtime hours worked because Defendants failed to properly calculate the overtime pay rate to include non-discretionary bonuses.

31. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit the Plaintiff and the Putative FLSA Collective

members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

32. Defendant assigned the work that the Plaintiff and the Putative FLSA Collective members have performed, or Defendant were aware of the work they performed.

33. The work performed by the Plaintiff and the Putative FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

34. Defendants were aware, or should have been aware, that the FLSA requires it to pay the Plaintiff and the Putative FLSA Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

35. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the Putative FLSA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by corporate headquarters. This policy, pattern or practice includes but is not limited to:

   a. willfully failing to record all of the time the Plaintiff and the Putative FLSA Collective members have worked for the benefit of Defendants;

   b. willfully failing to keep accurate time records as required by the FLSA;

    c.    willfully failing to credit the Plaintiff and the Putative FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

    d.    willfully failing to pay the Plaintiff and the Putative FLSA Collective members wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

36.    Consistent with policy, pattern or practice, Plaintiff and the Putative FLSA Collective members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

37.    All Putative FLSA Collective members performed the same primary job duties.

38.    The primary duties that Plaintiff and the other CDs regularly performed include, but not limited to:

    a. Customer service

    b. operations duties;

    c. selling services

    d. answering phones; and

    e. clerical and data entry duties.

39. Plaintiff and the other similarly situated current and former MSN's primary job duties ***did not include***:

   a. Hiring

   b. Firing

   c. Setting rate(s) of pay;

   d. Scheduling; or

   e. Disciplining other employees.

40. Plaintiff and the other MSNs' primary job duties did not differ substantially from their previous non-exempt job duties as a Team Lead and/or Sales Agents.

41. Plaintiff and the other MSNs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

42. Plaintiff and the other MSNs' primary duties were customer service and sales related. Customer service and sales occupied the majority of the Plaintiff and the other MSNs' working hours.

43. Plaintiff and the other MSN's were working ten (10) or more hours per day, six (6) to (7) hours per week.

44. Plaintiff and the other MSN's were paid a weekly salary and separate "bonus" and "spiff" checks.

45. In addition to the sales position, Plaintiff and the other MSN's were required to read manuals and watch videos provided by Defendants, to be completed on their own time to learn sales techniques to assist with new sales agents.

46. The FLSA subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records. 29 C.F.R. § 516.1.

47. An employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee each workweek. See id. § 516.2.

48. Upon information and belief, Defendant failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

49. When the employer fails to keep accurate records of the hours worked by its employees, the rule in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate an employee has carried out his burden if he proves that he has in fact performed worked for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages

to the employee, even though the result be only approximate. *Id.*

50. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the Act." *Id.*

51. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all MSNs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

52. Defendants did not perform a person-by-person analysis of every CDs job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of any applicable state laws.

53. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

54. Defendants' unlawful conduct has been widespread, repeated and consistent.

# FIRST CAUSE OF ACTION

## Fair Labor Standards Act: Unpaid Overtime Wages Brought on Behalf of Plaintiff and the Putative FLSA Collective Members

55. Plaintiff and the Putative FLSA Collective members, reallege and incorporate by reference all prior paragraphs as if they were set forth again herein.

56. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

57. Plaintiff and the Putative FLSA Collective members have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

58. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendant.

59. At all relevant times, Plaintiff and the Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

61. At all times relevant, Plaintiff and the Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

62. Defendant has failed to pay Plaintiff and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled

under the FLSA.

63. Defendants' violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the other similarly situated Putative FLSA Collective Members.

64. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

65. As a result, Defendants violations of the FLSA, Plaintiff and all other similarly situated Putative FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et. seq.*

66. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated Putative FLSA Collective members have been deprived of overtime compensation and other wages damages, prejudgment interest, attorneys' fees, costs, and other compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated Putative FLSA Collective members, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this

collective action, or the Court issue such notice, informing all similarly situated CDs of the nature of this action and of their right to join this lawsuit;

  B. Certification of the collective consisting of Plaintiff and all similarly situated MSNs;

  C. Designation of Plaintiff as representative of the Putative FLSA Collective, and counsel of record as Class Counsel;

  D. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and the employers share of FICA, FUTA, state unemployment insurance and any other employment taxes;

  E. Pre-judgment interest and post-judgment interest, as provided by law;

  F. Attorneys' fees and costs of this action;

  G. Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the Collective; and

  H. Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated this 19th day of December 2022

                          Respectfully submitted,

                          ***/s/ Noah E. Storch***
                          Noah E. Storch, Esq.
                          Florida Bar No.: 85476
                          RICHARD CELLER LEGAL, P.A.
                          10368 W. State Road 84
                          Suite 103
                          Davie, FL  33324-4241
                          Telephone No.: (866) 344-9243
                          Facsimile No.: (954) 337-2771
                          Email:
                          **noah@floridaovertimelawyer.com**

                          *Trial Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

ELIZABETH MALONE, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

TOTAL INSURANCE BROKERS LLC,
a Florida Limited Liability Company,
TogetherHealth Insurance, LLC,
a Foreign Limited Liability Company
BENEFYTT TECHNOLOGIES, INC,
a Foreign Profit Corporation

    Defendants,
_____/

**CONSENT TO BECOME PARTY PLAINTIFF**

I, Elizabeth Malone, consent to become the party plaintiff in the above-styled Lawsuit.

Date: Dec 15, 2022

Signature: *Elizabeth Malone*

Print: Elizabeth Malone